IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01213-GPG

TRAVIS HODSON,

     Applicant,

v.

WELD COUNTY SHERIFF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER OF DISMISSAL

---

Applicant Travis Hodson currently is detained at the Weld County Jail in Greeley, Colorado. On June 10, 2015, Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Applicant also paid the $5 filing fee.

Magistrate Judge Gordon P. Gallagher reviewed the Application and determined that Applicant had stated the identical allegations in another case he initiated in this Court in 2014. *See Hodson v. Colorado Mental Health Institute at Pueblo, et al.*, No. 14-cv-02879-LTB (D. Colo. Feb. 6, 2015). Magistrate Judge Gallagher ordered Applicant to show cause why this action should not be dismissed as repetitious. Repetitious litigation of virtually identical causes of action **may** be dismissed as frivolous

or malicious.  See *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).

Applicant responded on August 4, 2015, and appeared to argue that he intends to challenge Colorado Criminal Case No. 13CR1106.  Magistrate Judge Gallagher then directed Respondents to file a Preliminary Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents filed a Response on September 17, 2015, ECF No. 17, and Applicant filed a Reply on September 30, 2015, in which he states that he is challenging the validity of Case No. 10CR771, ECF No. 18, at 1. Applicant also states that he still is "incompetent to proceed," apparently in both Case Nos. 10CR771 and 13CR1106, *id.* at 5-10.  Based on the Preliminary Response and the reply, the Court finds as follows.

Case No. 14-cv-02879-LTB was dismissed for lack of jurisdiction, because the sentence in Colorado Criminal Case No. 10CR771 was discharged on October 17, 2013, prior to Applicant filing Case No. 14-cv-02879-LTB.  Applicant further was told in Case No. 14-cv-02879-LTB that he could satisfy the in-custody requirement if the Application is construed as a challenge of the validity of Applicant's conviction in Colorado Criminal Case No. 13CR1106.  Since Applicant confirms in his Reply in this case that he is not challenging the validity of Colorado Criminal Case No. 13CR1106 and that a conviction in that case is pending, the claims asserted in the instant action are repetitive of Applicant's claims in Case No. 14-cv-02879-LTB.

This action, therefore, will be dismissed for the same reasons stated in Case No. 14-cv-02879-LTB.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal*. See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application is denied for the same reasons stated in Case No. 14-cv-02879-LTB, and the action is dismissed as repetitious and frivolous, but without prejudice as Case No. 14-cv-02879-LTB was dismissed without prejudice.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED November 10, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court